FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES GREINER,<br><br>                        Plaintiff,<br><br>   v.<br><br>DEMOCRATIC NATIONAL COMMITTEE, and REPUBLICAN NATIONAL COMMITTEE,<br><br>                   Defendants. | NO. 2:24-CV-0092-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' RULE 12(b) MOTIONS |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF No. 3), Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 10), and Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 12).  These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 3) is DENIED, Defendant's Motion to Dismiss for Failure to

State a Claim (ECF No. 10) is GRANTED, and Defendant's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 12) is GRANTED.

## BACKGROUND

This claim arises from an alleged enterprise involving Defendants, the activities of which have caused inflation, an increase in the national debt, and "hateful discourse." ECF No. 1 at 3. Plaintiff, proceeding *pro se,* filed his Complaint on March 26, 2024, asserting this Court's jurisdiction under 18 U.S.C. §§ 1962, 201, 1343, as well as Article I, II, and III and the First Amendment of the United States Constitution. *Id*. at 2. The essence of Plaintiff's claim involves a far-reaching network of "billionaires," and others in positions of power, who work together with Defendants to manipulate politicians, which results in inflation as a result of irresponsible spending. *Id*. at 3–9.

The same day he filed his Complaint, Plaintiff filed a single paragraph Motion for Summary Judgment and a statement of facts not in dispute. ECF Nos. 2 and 3. Within the Motion for Summary Judgment, which he admitted was premature, Plaintiff stated his intention in its filing was to "focus discovery," "expedite a jury trial," and ultimately prove that there is "a genuine issue of material fact." ECF No. 3.

Defendants have opposed Plaintiff's Motion for Summary Judgment and have each filed Federal Rule of Civil Procedure 12(b) motions. ECF Nos. 10, 12,

and 13.  Plaintiff responded, both defending his Motion for Summary Judgment

and arguing against the substance of the Rule 12(b) motions.  ECF No 16.

Additionally, Plaintiff filed a clarifying document relating back to his Response.

ECF No. 17.

## DISCUSSION

### I.  Federal Rule of Civil Procedure 12(b)(1)

Defendants both challenge Plaintiff's standing under Rule 12(b)(1).  ECF

Nos. 10 at 8, 12 at 10.  A jurisdictional challenge brought under Rule 12(b)(1) may

present as either a facial or factual attack.  *White v. Lee*, 227 F.3d 1214, 1242 (9th

Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained

in a complaint are insufficient on their face to invoke federal jurisdiction.  By

contrast, in a factual attack, the challenger disputes the truth of the allegations that,

by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for*

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The court "resolves a

facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the

plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's

favor, the court determines whether the allegations are sufficient as a legal matter

to invoke the court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th

Cir. 2014) (citation omitted).

Article III of the United States Constitution vests in federal courts the power

1    to entertain disputes over "cases" or "controversies."  U.S. CONST. art. III, § 2.  To

2    satisfy the case or controversy requirement, and thereby show standing, a plaintiff

3    must demonstrate that throughout the litigation, they suffered, or will be threatened

4    with, an actual injury traceable to the defendant which will likely be redressed by a

5    favorable judicial decision.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting

6    Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); *see also Deakins v.*

7    *Monaghan*, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal

8    courts to the adjudication of actual, ongoing cases or controversies between

9    litigants.").  There are three elements required to establish Article III standing: (1)

10   the plaintiff must have suffered an "injury in fact" which is both concrete and

11   particularized and not "conjectural" or "hypothetical"; (2) there must be a causal

12   connection between the injury and the conduct complained of; and (3) it must be

13   "likely" as opposed to "speculative" that the injury will be "redressed by a

14   favorable decision."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)

15   (internal citations and quotations omitted).  The party invoking federal jurisdiction

16   bears the burden of establishing the elements.  *Id*. at 561 (citing *FW/PBS, Inc. v.*

17   *Dallas*, 493 U.S. 215, 231 (1990)).  However, "[a]t the pleading stage, general

18   factual allegations of injury resulting from the defendant's conduct may suffice."

19   *Lujan*, 504 U.S. at 561.  Plaintiff fails to establish any of the three elements of

20   standing.

1    The first element requires a showing that an injury is particularized, meaning

2   it "affect[s] the plaintiff in a personal and individualized way."  *Spokeo, Inc. v.*

3   *Robins*, 578 U.S. 330, 339 (2016), *as revised* (May 24, 2016) (internal citation

4   omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990).  A claim must

5   be specific to the individual bringing it and cannot be based upon an injury "shared

6   with all members of the public."  *United States v. Richardson*, 418 U.S. 166, 178

7   (1974) (internal citation and quotation marks omitted) ("[I]t is not sufficient the

8   [plaintiff] has merely a general interest common to all members of the public.").

9   To be sure, the Supreme Court has held that claims are not particularized when a

10   plaintiff "suffers in some indefinite way in common with people generally."

11   *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (quoting

12   *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)).

13   Additionally, a party must make some showing that their claim is concrete and not

14   hypothetical or conjectural, meaning the injury is "real and not abstract."  *Spokeo,*

15   *Inc*. 578 U.S. at 340; *see also Schlesinger v. Reservists Comm. to Stop the War*,

16   418 U.S. 208, 221 (1974) ("[S]tanding to sue may not be predicated upon an

17   interest of the kind alleged here which is held in common by all members of the

18   public, because of the necessarily abstract nature of the injury all citizens share.").

19    Here, Plaintiff's claim is entirely predicated upon the mutual suffering of all

20   citizens under inflation and is therefore neither particular nor concrete.  ECF No. 1

at 6, ¶ 32, 11, ¶¶ 64–65.  Plaintiff's reliance on *Massachusetts v. E.P.A.*, 549 U.S. 497, 516–17 (2007) is misguided, because the Court did not preclude the analysis of a question of standing in the face of reliance on a statute that may grant standing.  ECF Nos. 1 at 11, ¶ 65 and 16 at 2, ¶ 3.  There the Court opined, "' the gist of the question of standing' is whether petitioners have ' such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'"  *E.P.A.,* 549 U.S at 717 (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)).  Further, "'while it does not matter how many persons have been injured by the challenged action, the party bringing suit must show that the action injures him in a concrete and personal way.'"  *Id*. (citing *Lujan* 504 U.S. at 581, J. Kennedy, concurring).  Similarly, Plaintiff takes the line cited from *United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 688 (1973) out of context.[1]  *SCRAP* is ultimately an instructive case, because the Court goes on to discuss the need for a cognizable injury in fact to establish

---

[1] "To deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody.  We cannot accept that conclusion." *SCRAP*, 412 U.S. at 688.

standing, and ultimately determined that the district court lacked standing to issue a preliminary injunction. *Id*. at 689–90.

Inflation ebbs and flows in the national economy and impacts every person who deals in commerce in some capacity. Plaintiff cannot particularize inflation as an injury to him personally because each consumer must pay the same higher prices when inflation increases. ECF No. 1 at 6, ¶ 32, 12, ¶ 67 and 13, ¶ 74. Further, Plaintiff has not shown an actual, concrete harm he faces as a result of inflation that is not hypothetical or conjecture. He makes reference to insidious breakdowns in culture and our political structure at the hands of "billionaires" and Defendants, but these claims are all abstract, and seem at times unrelated to the claimed underlying conspiracy that allegedly has resulted in an increase in the national debt. *Id*. at 4, ¶¶ 13–17, 8–10, ¶¶ 44–63. Even his reference to a rise in grocery store prices is hyperbolic, and the Court does not accept it as a basis for a concrete harm. *Id*. at 11, ¶ 65.

"Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co., 523 U.S.* at 103 (1998) (citing *Simon v. E. Ky. Welfare Rts. Org*., 426 U.S. 26, 41–42 (1976)). Plaintiff may not rely on "a bare legal conclusion to assert injury-in-fact," or engage in an "ingenious academic exercise in the conceivable" to establish the cause of the injury. *Maya v. Centex Corp*., 658 F.3d 1060, 1068 (9th Cir. 2011)

1    (internal citation and quotations omitted).  "A causation chain does not fail simply

2    because it has several 'links,' provided those links are not hypothetical or tenuous

3    and remain plausible." *Id*. at 1070 (internal quotations and citations omitted).

4    Given the early stage of this case, the Plaintiffs' burden to establish causation is

5    "relatively modest." *Bennett v. Spear*, 520 U.S. 154, 171 (1997).

6        The Complaint is full of conclusions Plaintiff has drawn, but lacks the

7    necessary "links," to create plausible causation.  Plaintiff's claims of a vast

8    network are untethered to any specificity, including the maintenance of political

9    parties as the root of turmoil and a national debt crisis, and may be best described

10    as an academic exercise.  *See generally* ECF No. 1 at 4–7.  However, the

11    Complaint is too tenuous to establish causation for purposes of Article III.  As non-

12    government actors, Defendants are not inherently responsible for any policy that

13    would result in an increase or decrease in the national debt, and the Complaint

14    draws nothing but generalized and ambiguous connections between the claims and

15    Defendants actions.  ECF No. 1 at 6, ¶ 28; *see also Lujan* 504 U.S. at 560 (internal

16    citation omitted) ("[T]here must be a causal connection between the injury and the

17    conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged

18    action of the defendant, and not ... th[e] result [of] the independent action of some

19    third party not before the court.' ").  Plaintiff states that Defendants assist in

20    "pulling strings," of the conspiracy, and delves into history and sociology, but

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' RULE 12(b) MOTIONS ~ 8

1    provides no demonstration of actions actually committed by either entity that

2    would result in injury.  *See generally* ECF No. 1 at 3–5, 9–11.

3        Finally, Plaintiff must establish that it is "'likely,' as opposed to merely

4    'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Lujan*,

5    504 U.S. at 561 (internal citation omitted).  Here, speculative is a generous way to

6    describe the relief that Plaintiff seeks by bringing his claim.  Putting aside the relief

7    requested as stated in the Complaint would likely require the Court to

8    impermissibly upset the separation of powers requirement, even basic relief does

9    not seem calculable because the claim is so vague and far reaching.  ECF No. 1 at

10   14–16; *see I.N.S. v. Chadha*, 462 U.S. 919, 946 (1983).  There is seemingly no way

11   that the Court can enforce a remedy to ensure that the harm Plaintiff complains of,

12   if proven true, will not occur again under a different name and with different

13   actors.  And even if it could be proven that Defendants were a cause of inflation,

14   determining their attribution as weighed against other factors would be infeasible.

15   Therefore, Plaintiff lacks Article III standing.

16   **II.    Federal Rule of Civil Procedure 12(b)(6)**

17       Similarly, Plaintiff's Complaint lacks a claim upon which relief could be

18   granted, and amendment would be futile.  To withstand a motion to dismiss

19   pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient

20   "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*. ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*.

Plaintiff claims the Court has "jurisdiction" based on 18 U.S.C. §§ 201, 1343, and 1962, as well as Articles I, II, and III and the First Amendment of the Constitution.  The Court takes this to mean that he intends to bring claims against Defendants under the aforementioned causes of action.  For one, Plaintiff as a private citizen is unable to maintain independent claims under 18 U.S.C. §§ 201 and 1343 because they are criminal statutes, and therefore do not contain a private right of action.

Section 1962 is also a criminal cause of action, but pairs with a private right of action under § 1964, which allows a person "injured in his business or property by reason of a violation of section 1962" to recover damages.  The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of

1    racketeering activity (known as predicate acts) (5) causing injury to plaintiff's

2    business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co*.,

3    431 F.3d 353, 361 (9th Cir.2005); *Odom v. Microsoft Corp*., 486 F.3d 541, 547

4    (9th Cir.2007) (en banc) (describing first four elements); *Sedima, S.P.R.L. v. Imrex*

5    *Co., Inc*., 473 U.S. 479, 496–497 (1985) (describing first four elements and "[i]n

6    addition, the plaintiff only has standing if, and can only recover to the extent that,

7    he has been injured in his business or property by the conduct constituting the

8    violation.").  Though the Complaint makes no mention of § 1964(c), even still

9    Plaintiff does not allege damage to property to business, and in fact, as discussed

10   above, does not allege any concrete damage of any sort.

11          Additionally, a RICO claim relies on the existence of "racketeering

12   activity," which is set forth in a list of statutorily defined predicate acts such as

13   mail and wire fraud, bank fraud, money laundering, and transacting in stolen

14   property.  18 U.S.C. § 1961(1)(B).  At least two predicate acts are required in order

15   to establish a "pattern" for RICO purposes per 18 U.S.C. § 1961(5).  *Lancaster*

16   *Cmty. Hosp. v. Antelope Valley Hosp. Dist*., 940 F.2d 397, 405 (9th Cir. 1991).

17          It appears that Plaintiff is basing the predicate acts for his RICO claim on

18   § 1343 and "fraudulent [n]ews." ECF No. 1 at 6, ¶ 28.  And though it appears

19   nowhere else in the Complaint, Plaintiff also reference § 201.  *Id*. at 2, ¶ 4.

20   Regardless, Plaintiff has provided no particularity to support any of the predicate

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' RULE 12(b) MOTIONS ~ 11

acts he claims under Federal Rule of Civil Procedure Rule 9(b), which requires a plaintiff to state the time, place, and specific manner of each act of fraud, plus the role each defendant played in the scheme. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). A showing of wire fraud requires that the defendant (1) formed a scheme to defraud, (2) used the United States wires in furtherance of the scheme, and (3) did so with a specific intent to deceive or defraud. 18 U.S.C. § 1343. 18 U.S.C. § 201 defines bribery as the act of giving, offering, or promising something of value in order to "influence any official act" or receiving something of value in return for "being influenced in the performing of any official act." *See also United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404 (1999). In order to find that a campaign contribution constitutes a bribe, there must be a proven link between the thing of value given to a public official and a specific "official act" for which it was given. *Id*. at 414 (dealing with the criminal statute 18 U.S.C. § 201). Plaintiff alleges that Defendants "use their network of money and power to help [p]oliticians win elections that they would have never been able to win on their own," in exchange for future political favors constituting a bribe, which in turn causes irresponsible spending. ECF No. 1 at 5–7. This claim lacks the type of specificity required by Rule 9(b). *Mostowfi v. i2 Telecom Int'l, Inc*., 269 F. App'x 621, 624 (9th Cir. 2008) ("Most of the alleged predicate acts are general statements about actions committed by the defendants

1  that fail to identify the 'who, what, when, where and how' of the misconduct

2  charged.").

3          Lastly, there are no factual statements that would lead the Court to draw an

4  inference that an enterprise exists.  The term "enterprise" is defined in 18 U.S.C.

5  § 1961(4) as including "any individual, partnership, corporation, association, or

6  other legal entity, and any union or group of individuals associated in fact . . ."

7  *United States v. Turkette*, 452 U.S. 576, 580 (1981).  Plaintiff charges that

8  Defendants, as two corporations, are working together with unnamed billionaires

9  to subvert the political system.  However, outside of the bald assertion that they are

10  working together, Plaintiff offers nothing else that suggests they are an enterprise.

11  Therefore, Plaintiff's RICO claim against Defendants is dismissed.

12          Finally, as discussed *supra*, Plaintiff's hypothetical claims of constitutional

13  violations are not discussed in any detail, have no particularized impact on him

14  directly, and are therefore dismissed.  *See Goland v. United States*, 903 F.2d 1247,

15  1258 (9th Cir. 1990).

16  **III.    Summary Judgment**

17          Plaintiff's Motion for Summary Judgment is also dismissed.  Summary

18  judgment may be granted to a moving party who demonstrates "that there is no

19  genuine dispute as to any material fact and that the movant is entitled to judgment

20  as a matter of law."  Fed.R.Civ.P. 56(a).  The moving party bears the initial burden

1   of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp.*

2   *v. Catrett*, 477 U.S. 317, 323 (1986).  For purposes of summary judgment, a fact is

3   "material" if it might affect the outcome of the suit under the governing law.

4   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute concerning

5   any such fact is "genuine" only where the evidence is such that a reasonable jury

6   could find in favor of the non-moving party.  *Id.*  In ruling upon a summary

7   judgment motion, a court must construe the facts, as well as all rational inferences

8   therefrom, in the light most favorable to the non-moving party.  *Scott v. Harris*,

9   550 U.S. 372, 378 (2007).  Only evidence which would be admissible at trial may

10  be considered.  *Orr v. Bank of Am.*, NT & SA, 285 F.3d 764, 773 (9th Cir.2002).

11      At this early stage of the proceeding, the Court finds that no genuine dispute

12  exists because no reasonable jury would find in favor of Plaintiff.  His motion for

13  summary judgment is therefore denied.

14  **IV.    Leave to Amend**

15      "Dismissal of a *pro se* complaint without leave to amend is proper only if it

16  is absolutely clear that the deficiencies of the complaint could not be cured by

17  amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9ᵗʰ Cir.1988).

18  Unless amendment would be futile, a *pro se* litigant must be given the opportunity

19  to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d

20  1446, 1448 (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir.

2000) (en banc).  The Court does not find that amendment would cure the defects of Plaintiff's claims given the sweeping nature of the Complaint.  Because amendment would be futile, Plaintiff's Complaint is dismissed with prejudice, meaning he is not granted leave to amend.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment (ECF No. 3) is **DENIED**.

2.  Defendant Democratic National Committee's Motion to Dismiss for Failure to State a Claim (ECF No. 10) is **GRANTED**.

3.  Defendant Republican National Committee's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 12) is **GRANTED**.

4.  Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED** as moot.

5.  Plaintiff's Complaint is **DISMISSED with prejudice.**

6.  The deadlines, hearings and trial date are **VACATED**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to parties, and **CLOSE** the file.

DATED April 30, 2024.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' RULE 12(b) MOTIONS ~ 15